NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MANUEL D. PEGUERO,

    Plaintiff,

v.

UNICOR INDUSTRIES INC.,

    Defendant.

---

Civil Action No. 14-3934 (RMB)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon a transfer order executed by the Southern District of New York ("SDNY"). See Docket Entry No. 2.

On March 11, 2011, this District received Plaintiff's civil complaint that gave rise to Peguero v. Meyer ("Peguero-I"), Civil Action No. 11-1476 (RMB) (D.N.J.). In Peguero-I, Plaintiff, then a federal inmate, sought compensation for a work-related injury he had allegedly sustained at FCI Fort Dix, while working for the Unicor Recycling. See Peguero-I, Docket Entry No. 1. Plaintiff raised a Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), claim and also sought compensation under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126.

This Court screened the Peguero-I complaint and dismissed it. See id., Docket Entries Nos. 5 and 6. Plaintiff's Bivens claim was dismissed with prejudice, as untimely, while his IACA claim was dismissed without prejudice, as premature. See id.,

Docket Entry No. 5.  Plaintiff appealed, and the Court of Appeals affirmed this Court's ruling.  See id., Docket Entries Nos. 13 and 14; see also Pequero v. Meyer, 520 F. App'x 58, 59 n.1 (3d Cir. 2013).

Shortly thereafter, Plaintiff was released from his federal penal confinement.  Being a citizen and native of the Dominican Republic and an alien detainee subject to a final order of removal, he was released into the immigration custody and, in anticipation of that removal, briefly housed in Pennsylvania.  During that brief period, he executed two civil complaints that, for the reasons not immediately apparent to this Court, he filed with the SDNY.  See Pequero v. Unicor Indus. ("Pequero-II"), Civil Action No. 14-2371 (RMB) (D.N.J.); see also Instant Matter, Docket Entry No. 2.

On April 9, 2014, the SDNY directed transfer of Pequero-II to this District.  See id., Docket Entry No. 3.  On April 14, 2014, Pequero-II was assigned to the undersigned.  Since, in Pequero-II, Plaintiff merely stated that he filed an IACA administrative claim, but nothing in the Pequero-II complaint suggested that his IACA administrative process has ended or has yielded a legally deficient result, this Court dismissed Pequero-II.  See Pequero-II, Docket Entries Nos. 5 and 6.  The Court explained that, until and unless Plaintiff asserts facts showing that, in connection with his administrative IACA application, he

2

was denied procedural due process, or the decision issued by the agency was so unsupported by the record that it could not qualify as having a basis in evidence, Plaintiff's IACA challenges were meritless. See id., Docket Entry No. 5. The Court also pointed out that Plaintiff's reliance on Section 1983 was misplaced, that he could raise his civil rights claims only in a Bivens action, and his Bivens claims were untimely and barred by the doctrine of res judicata in light Pequero-I. See id.

With that, Pequero-II was closed. Seven weeks passed by.

On June 17, 2014, the SDNY transferred to this District Plaintiff's instant matter. See Instant Matter, Docket Entry No. 2. The complaint within is identical to Plaintiff's Pequero-II complaint. Compare Docket Entry No. 1, at 1-2 ("statement of case," "statement" and "statement of facts"), to Pequero-II, Docket Entry No. 2, at 1-2 ("statement of case," "statement" and "statement of facts"). Thus, this matter is duplicative of Pequero-II and will be terminated accordingly.[1]

IT IS on this **15th** day of **July 2014**,

---

[1] The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED AS DUPLICATIVE OF <u>PEGUERO V. UNICOR INDUS.</u>, CIVIL ACTION NO. 14-2371"; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**